UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARE COMM, INC.,                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:04-CV-601-CRS

PBM PRODUCTS, et al.                                               DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon the Objection (DN 74) of the plaintiff, Care Comm, Inc., to the Magistrate's Order (DN 68) denying its (1) Motion to Compel Defendants to Complete Discovery (DN 58) and (2) Motion to Compel the Deposition and Production of Documents by Joel Bock (DN 61). Care Comm requests that we reverse the Magistrate's Order and grant the orders requested by its motions to compel.

### BACKGROUND

Care Comm filed its complaint against PBM Products, Inc., PBM Pharmaceuticals, Inc., and Wyeth (collectively "PBM") on October 25, 2004, alleging infringement of its BRIGHT BEGINNINGS trademark. PBM answered on January 19, 2005. On August 24, 2006, the Magistrate, to whom we referred all discovery matters, held a scheduling conference, which was memorialized in the September 14, 2005 Scheduling Memorandum and Order (the "scheduling order") (DN 37). The scheduling order explicitly states that all discovery was to be completed by June 24, 2006.

At a December 5, 2005 status conference, the Magistrate reminded Care Comm of the June 24, 2006 deadline after PBM expressed concern that as of that day it had yet to receive a single discovery request. On March 9, 2006, this issue was addressed once more during another status conference before the Magistrate. Care Comm still had not issued a discovery request, and the Magistrate warned Care Comm that it was their choice to delay discovery.

On May 5, 2006, Care Comm served its first discovery request on PBM. On June 6, 2006, Care Comm served a non-party subpoena on Bock, PBM's former counsel, demanding that he appear and produce certain documents at a deposition on June 16, 2006. PBM had engaged Bock for a limited purpose - to negotiate the purchase of the BRIGHT BEGINNINGS  mark from Care Comm. Bock communicated with Care Comm in an attempt to purchase the mark, but was unsuccessful.

It is undisputed that PBM timely responded to Care Comm's discovery request. What is disputed is the sufficiency of those responses. The other dispute centers around the deposition of and production of documents by Bock. Bock filed in the U.S. District Court for the District of New Jersey an objection to the deposition and production based on, *inter alia*, attorney-client privilege and relevancy. The U.S. District Court for the District of New Jersey ruled that this court was the appropriate forum to determine the scope of PBM's asserted attorney-client privilege.

PBM argues, however, that notwithstanding his objections, Bock was unavailable to be deposed on June 16; Care Comm was notified of this issue; and Bock and Care Comm agreed to an alternative date of June 28. PBM asserts that Bock appeared for his deposition on June 28 but that Care Comm failed to show. Care Comm contends that it discussed the June 28 date with Bock's attorney but never agreed to actually set Bock's deposition for that day.

Also on June 28, the Magistrate held a telephonic conference and advised Care Comm that he would not reopen or extend discovery. In response, Care Comm filed its two motions to compel PBM to produce certain documents and to permit the deposition of and production of documents by Bock. The Magistrate denied both these motions in a September 15, 2006 Order, in which he stated:

> IT IS HEREBY ORDERED that, plaintiff Care Comm's motion to compel (Docket No.58) additional discovery from defendants PBM Products, Inc., PBM Pharmaceuticals, Inc. and Wyeth ("Defendants") is DENIED. Plaintiff was repeatedly and explicitly advised of the temporal limitations of discovery in this matter. It chose to wait weeks before discovery concluded to begin its efforts in earnest, and must now live with the collateral consequences of

that decision.

> IT IS FURTHER ORDERED that, plaintiff Care Comm's motion to compel (Docket No. 61) the compliance of Joel Bock for deposition and the production of documents is DENIED as plaintiff has not met its burden of establishing that Mr. Bock has any relevant, nonprivileged information or documents that have not already been produced to Care Comm.

PBM argues that the Magistrate's Order is contrary to law and that we should compel discovery and the deposition of Bock in this matter.

## ANALYSIS

We review the Magistrate's Order for clear error. *See* 28 U.S.C. § 636 (b); Fed. R. Civ Proc. 72(a). Under the "clearly erroneous standard,"

> A court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing Court to substitute its own conclusion for that of the Magistrate Judge. Rather, the clearly erroneous standard only requires the reviewing Court to determine if there is any evidence to support the Magistrate Judge's finding and that "the finding was reasonable."

*Id.* (citing *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

Applying this standard, we find that there is sufficient evidence to support the Magistrate's reasonable decision . Not only is his decision consistent with the scheduling order setting forth the June 24, 2006 discovery deadline, but it also appears that PBM has fully responded to Care Comm's discovery requests while Care Comm has failed to demonstrate what non-privileged and relevant information Bock holds.

## Scheduling Order

In the scheduling order the Magistrate states that "[a]ll discovery shall be completed no later than June 24, 2006." The Magistrate's order is clear and unambiguous. PBM, however, chose not to serve its first set of discovery requests until May 2006, approximately twenty (20) months after

the scheduling conference setting forth the June 24 deadline.  Although Care Comm attempts to excuse its delay, its reasons are unpersuasive.

Care Comm argues that it delayed serving its first set of discovery requests until May 2006, because it "hoped to settle this matter without protracted discovery . . . ." Only when it "became apparent that settlement talks had failed," did Care Comm serve PBM with its first set of discovery requests.  While we commend Care Comm for its effort to settle this matter, it is not unusual for settlement talks to fail. In the wake of that realistic possibility, Care Comm should have prepared to meet the discovery deadline clearly set forth in the scheduling order, and of which it was twice warned by the Magistrate, by conducting discovery concurrently with settlement talks.

Care Comm's other argument - that it initiated discovery before June 24 giving it ample time to complete discovery - is also not compelling. The matter at hand exemplifies why parties should not wait until the eleventh hour to begin discovery. It is not uncommon for the requesting party to feel that the responding party's responses to its discovery requests are deficient and for the responding party to then supplement its initial disclosures, as PBM did.

### Defendants Have Fully Responded to Discovery Requests

Moreover, although Care Comm is correct that a defendant cannot engage in obstructionist tactics to avoid fully responding to discovery, there is no evidence before us demonstrating that PBM did anything but respond fully in good faith to Care Comm's discovery requests. Yet, Care Comm continues to seek the production of six categories of documents:

> (1) PBM's internal correspondence regarding the selection and adoption of the mark BRIGHT BEGINNINGS;
>
> (2) PBM's financial records documenting revenues;
>
> (3) Documents relating to newsletters PBM offered under the BRIGHT BEGINNINGS mark;
>
> (4) Documents relating to PBM'S "advice of counsel" defense, including a privilege log;

- 4 -

(5)  PBM's  pre-litigation  attempt  to  purchase  the  BRIGHT BEGINNINGS mark from Care Comm; and

(6) Documents previously maintained by Wyeth that were transferred to PBM.

PBM's responses are that:

(1) It produced all documents in its possession regarding the selection and adoption of the BRIGHT BEGINNINGS mark, confirmed by the affidavit of its Executive Vice President, Jack Schramm;

(2) It produced financing market and production records to Care Comm in summary format and offered to supplement this production with an invitation for Care Comm to inspect the underlying records at PBM's offices in Virginia and Vermont pursuant to Fed. R. Civ. Proc. 34;

(3)  It  never  offered  any  newsletters  under  the  BRIGHT BEGINNINGS mark;

(4) It produced its entire file maintained with its former counsel, Akin Gump, including opinion letters on which it will rely upon for its advice of counsel defense, thus making a privilege log unnecessary;

(5) Any documents relating to its pre-litigation attempt to purchase the  BRIGHT  BEGINNINGS  mark  are  within  Care  Comm's possession given that the discussions, emails, and letters relating to that attempted purchase were exchanged between Bock, Mary Anne Arnold  (Care  Comm's  President),  and  Jack  Wheat  (Care  Comm's counsel); and

(6)  It  offered  to  make  available  for  inspection  all  documents transferred to it by Wyeth and maintained at its plant in Vermont.

These responses are also supported by the sworn affidavits of Jack Schramm, PBM's Executive Vice President and Scott F. Jamison, PBM's General Counsel.

Care Comm has failed to show any good cause for reopening discovery or compelling PBM to further supplement its response. We cannot compel PBM to produce documents that do not exist or are irrelevant. Care Comm's delay in commencing the discovery process was, as the Magistrate rightly concluded, at its own peril. Thus, we will affirm the Magistrate's decision to deny Care Comm's Motion to Compel Discovery.

**Joel Bock's Deposition**

Care Comm also asks that we permit and compel the deposition of Bock.  As previously explained, Bock is PBM's former counsel.  The relationship between Bock and PBM was for a limited purpose - that of attempting to purchase the BRIGHT BEGINNINGS mark from Care Comm. There is no dispute that their relationship still falls within the scope of attorney and client. And, upon being subpoenaed, Bock rightfully protected the attorney-client privilege by objecting to the deposition and production of documents on that ground. What is disputed is waiver of that privilege.

Care Comm's argues that PBM waived its privilege upon asserting its "advice of counsel" defense. In support of this argument Care Comm submits an order issued in *Static Control Components, Inc. v. Lexmark International, Inc.*, No. 3:06MC-42-S (W.D.Ky. Jan. 17, 2007). Care Comm argues that this order makes clear that "PBM cannot cherry pick which attorney communications are subject to disclosure. Any communications with any counsel are discoverable . . . ." We disagree.

The *Static Control* order on which Care Comm relies holds that communications between a party asserting an "advice of counsel" defense and its trial counsel "that call into question or contradict in any way the confidence or validity" of the opinions rendered by its opinion counsel are subject to disclosure. *Static Control Components, Inc. v. Lexmark International, Inc.*, No. 3:06MC-42-S (W.D.Ky. Feb. 9 2007). However, Bock is not, nor was he ever, PBM's trial counsel. Bock was PBM's "transactional counsel," engaged for the sole purpose of negotiating the purchase of the BRIGHT BEGINNINGS mark from Care Comm.

If we were to extend *Static Control* to the matter at hand, we would have to hold that those communications between Bock and PBM that call into question the validity of those opinions PBM received from Akin Gump, its opinion counsel, are subject to disclosure. However, we are not prepared to extend *Static Control* to "transactional counsel." Unlike trial counsel, whose duties in

- 6 -

preparing a defense would include analyzing the propriety of advice rendered by opinion counsel, Bock was hired for a limited, transactional purpose. And, as stated by the Magistrate, Care Comm has failed to establish "that Mr. Bock has any relevant, nonprivileged information or documents that have not already been produced to Care Comm."

Furthermore, it appears that Bock was willing to submit to the deposition and produce requested documents at the time of deposition subject the objections he filed with the U.S. District Court for the District of New Jersey. Copies of email correspondence between Care Comm and PBM, as well Care Comm's internal correspondence, demonstrate that the parties acknowledged Bock's unavailability for deposition on June 16 and discussed rescheduling Bock's deposition for June 28. While Care Comm's internal correspondence suggests that as of Wednesday June 14, 2006, it understood the June 28 day to merely be a request from PBM, PBM's June 15, 2006 emailed letter to Care Comm clearly states that PBM was confirming that it "will produce Mr. Bock at our office in New York on June 28, 2006 at 9:30 a.m.".

Care Comm concedes that it received this June 15 email and letter. Thus, on June 15 it would have been prudent for Care Comm to either dispute the June 28 date or appear for the deposition. Care Comm has provided us with nothing indicating that it responded to PBM's June 15 email and letter. It also admits that it failed to appear to take Bock's deposition on June 28. Care Comm now asks us to reverse the Magistrate's decision so that it can depose Bock outside the discovery deadline. We will not.

Our review of the record leads us to conclude that the Magistrate's decision to deny Care Comm's Motions to Compel is not clearly erroneous. Thus, we will affirm the Magistrate's decisions. Discovery will not be reopened; Care Comm will not be permitted to depose Bock, and Bock will not be compelled to produce any documents. A separate order will be entered herein this date.